UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT RIMBERG,

                            Plaintiff,

    v.

DISCOVER BANK,

                            Defendant.

No. 17-CV-10209 (KMK)

OPINION & ORDER

<u>Appearances</u>:

Robert Rimberg
Hartsdale, NY
*Pro Se Plaintiff*

Eugene R. Licker, Esq.
Loeb & Loeb LLP
New York, NY
*Counsel for Defendant*

Adam P. Hartley, Esq.
Ballard Spahr LLP
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

      Pro se Plaintiff Robert Rimberg ("Plaintiff") brings this Action against Discover Bank ("Defendant" or "Discover"), pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and New York State Banking Law. (Am. Compl. (Dkt. No. 20).) Before the Court is Defendant's Motion to Dismiss. (Not. of Mot. (Dkt. No. 23).) For the following reasons, Defendant's Motion is granted.

I. Background

A. Factual Background

The following facts are taken from Plaintiff's Amended Complaint and are assumed to be true for purposes of resolving the Motion. The Court only considers the facts relevant to resolving the Motion.[1]

Plaintiff alleges that he co-signed a student loan (the "Loan") for his daughter Brenne Rimberg with Discover. (Am. Compl. ¶¶ 11–12). After co-signing the Loan, Plaintiff was allegedly advised that Discover had sold the Loan "and that the debt was no longer in Discover's Portfolio. Discover instead raised the rate." (*Id.* ¶ 13.) Plaintiff alleges that this Loan transfer was ineffective and that Discover is not permitted to enforce and/or modify the terms of the Loan. (*Id.* ¶¶ 14, 28–29.) Plaintiff further alleges that Discover was under an obligation to

---

[1] Plaintiff makes general allegations about "America's student loan crisis" and the "[m]illions of innocent students and parents" that have been "victimized by corrupt lenders, dishonest debt servicers and corrupt speculators." (Am. Compl. ¶¶ 1–6.) Plaintiff describes the hardship borrowers who default on their private student loans ("PLSs") face and describes a "growing robo-signing trend related to PSL collection actions." (*Id.* ¶¶ 6–7.) Plaintiff alleges that financial institutions are increasingly initiating collection actions against borrowers on loans that have been transferred to those financial institutions but without providing proper documentation to demonstrate the legality of those transfers, and sometimes providing documentation that has been robo-signed and contains incorrect information. (*Id.* ¶¶ 8–9.)

Although the Court considers that this is the context and background against which Plaintiff brings his case, the Court decides the present Motion only on the specific factual allegations related to Plaintiff's Loan and Defendant's actions related to Plaintiff's Loan. "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them. Its judgments must resolve a real and substantial controversy admitting specific relief through a decree of a conclusive character." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citation and quotation marks omitted); *Zarda v. Altitude Express, Inc.*, 883 F.3d 100, 110 (2d. Cir. 2018) (same); *see also Baron v. Vullo*, 699 F. App'x 102, 103 (2d Cir. 2017) ("[I]t is well settled that this Court cannot offer advisory opinions on . . . abstract principles."). "The lines of separation drawn by the Constitution between the three departments of the government prohibit the federal courts from issuing such advisory opinions." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 678 (2016) (citation and quotation marks omitted).

disclose all terms and modifications to the terms of the Loan, but never made such disclosures, and instead unilaterally changed the terms of the Loan without notice to or approval by Plaintiff. (Am. Compl. ¶¶ 28–29.)

Plaintiff alleges that in order to enforce the Loan, Discover must show that (1) Discover signed the note, (2) Discover holds or owns the note, and (3) the note is in default. (*Id.* ¶ 15.) Plaintiff alleges that Discover must therefore produce the note to enforce the Loan, but that Discover in fact cannot produce the note, (*id.*), and that the note "does not exist or was robo-signed," (*id.* ¶ 27). Plaintiff also alleges Discover is not the "loan originator." (*Id.* ¶ 16.)[2] Discover's "collection activity" has allegedly been directed at Plaintiff and his daughter and Plaintiff's credit and business interests have subsequently been threatened and damaged. (*Id.* ¶ 21.)

Plaintiff alleges Discover engaged in an "ongoing pattern of fraudulent collection activity" in violation of the FDCPA, (*id.* ¶ 20), and "a pattern of fraudulent, false, deceptive and predatory lending in violation of New York State Banking Law," (*id.* ¶ 25). Plaintiff alleges that Discover engaged in these patterns of fraud in order to "take advantage of the student loan in question," (*id.* ¶ 26), and that these actions were "contrary to public policy and constitute violations of New York State Banking Law," (*id.* ¶ 27).

---

[2] Plaintiff alleges that Discover is not the "loan originator" because "[s]ecuritized debt typically involves multiple transfers from originating lenders to various intermediaries and eventually to a trust . . . . Because of such multiple transfers, PSL defendants may have been careless about maintaining documentation and may not be able to produce the note or document the chain of assignment." (Am. Compl. ¶ 16.) Plaintiff does not allege that there were multiple transfers of the Loan at issue here and does not allege to or from what institution the Loan was transferred.

Plaintiff seeks relief pursuant to New York State Banking Law, (*id.* ¶ 25), and damages under the FDCPA, (*id.* ¶ 20). Plaintiff requests that Discover refund all monies paid. (*Id.* ¶¶ 19, 29.)[3]

B. Procedural History

Plaintiff initially brought his Action on November 29, 2017 in the New York State Supreme Court for the County of Westchester alleging (1) champerty, (2) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (3) violations of the FDCPA, and (4) "a violation of New York State Banking Law." (State Compl. ¶¶ 4–10 (Dkt. No. 1-1).) On December 29, 2017, Defendant removed the lawsuit to this Court under federal question jurisdiction in accordance with 28 U.S.C. § 1331. (Not. of Removal (Dkt. No. 1).)

On January 19, 2018, counsel for Defendant submitted a pre-motion letter to the Court requesting permission to file a motion to dismiss. (*See* Letter from Adam P. Hartley, Esq., to Court (Dkt. No. 4).) On January 22, 2018, Plaintiff submitted a letter opposing Defendant's request, and arguing that the case was improperly removed to federal court because there was no diversity between the Parties. (*See* Letter from Robert Rimberg to Court (Dkt. No. 5).) On January 24, 2018, counsel for Defendant responded to Plaintiff's opposition, pointing out that the case was removed to federal court based on federal question jurisdiction and that Plaintiff did not take any of the necessary steps to remand the Action back to state court. (*See* Letter from Adam P. Hartley, Esq., to Court (Dkt. No. 6).)

On January 25, 2018, the Court granted Defendant leave to file a motion to dismiss and set a motion briefing schedule. (Dkt. No. 9.) On January 29, 2018, Plaintiff submitted a letter

---

[3] The Court notes that throughout his Amended Complaint, Plaintiff refers to multiple "defendants" but does not identify the other defendants. The Court is aware of only one Defendant in this case, namely, Discover.

4

again asking that his case be allowed to stay in the New York State court system. (*See* Letter from Robert Rimberg to Court (Dkt. No. 11).) On January 31, 2018, Plaintiff submitted another letter stating that the papers Defendant was filing as part of this litigation, admittedly pursuant to the Federal Rules of Civil Procedure, were "bullying tactics." (*See* Letter from Robert Rimberg to Court (Dkt. No. 12).) On February 7, 2018, the Court concluded that Plaintiff's letters did not respond to the substantive points raised by Defendant and therefore held that the case would not be remanded back to state court. (Dkt. No. 14.)

On March 7, 2018, Defendant filed a motion to dismiss and accompanying papers. (Dkt. Nos. 15–17.) On March 9, 2018, the Court, by memo endorsement, denied the motion without prejudice for failure to follow the Court's Individual Practices. (Dkt. No. 18.)

On March 15, 2018, the Court held a pre-motion conference and instructed Plaintiff to notify the Court as to whether he intended to respond to Defendant's motion to dismiss, if reinstated, or submit an amended complaint. (*See* Dkt. (minute entry for Mar. 15, 2018).) On May 21, 2018, Plaintiff submitted an Amended Complaint. (*See* Am. Compl.) Notably, the Amended Complaint did not include the RICO or champerty claims, so that the only remaining claims in this case are Plaintiff's FDCPA and New York State Banking Law claims. (Am. Compl. ¶¶ 2, 22, 24–25.)

On May 30, 2018, counsel for Defendant submitted a pre-motion letter to the Court requesting permission to file a motion to dismiss the Amended Complaint. (*See* Letter from Adam P. Hartley, Esq., to Court (Dkt. No. 21).) On June 12, 2018, the Court granted Defendant leave to file a motion to dismiss and set a motion briefing schedule. (Dkt. No. 22.) On June 28, 2018, Defendant filed the instant Motion To Dismiss and accompanying papers. (*See* Not. of

Mot.; Def.'s Mem. of Law in Supp. of Mot. To Dismiss ("Def.'s Mem.") (Dkt. No. 24); Notice of Compliance with Local Rule 7.2 (Dkt. No. 25).)

Plaintiff never filed opposition papers to Defendant's Motion To Dismiss and instructed the Court by telephone in October 2018 that he would not be filing opposition papers. The Court thus considers the Motion fully briefed.

## II. Discussion

### A. Standard of Review

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will

6

. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted); *see also Farzan v. Wells Fargo Bank, N.A.*, No. 12-CV-1217, 2013 WL 6231615, at *12 (S.D.N.Y. Dec. 2, 2013) (same), *aff'd sub nom. Farzan v. Genesis 10*, 619 F. App'x 15 (2d Cir. 2015). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

In considering Defendant's Motion To Dismiss, the Court is required to "accept as true all of the factual allegations contained in the [C]omplaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same). And, the Court must "draw[] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks omitted).[4]  However, when the complaint is filed by a pro se plaintiff, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including statements by the plaintiff "submitted in response to [a] defendants' request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents that the plaintiff[] either possessed or knew about and upon which [he or she] relied in bringing the suit," *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).  *See also See Vlad-Berindan v. MTA New York City Transit*, No. 14-CV-675, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014) (collecting cases and holding that a court may rely on factual allegations raised for the first time in a pro se plaintiff's opposition papers if consistent with the allegations in the complaint).

---

[4] "To be incorporated by reference, the [c]omplaint must make a clear, definite[,] and substantial reference to the documents." *Thomas v. Westchester County Health Care Corp.*, 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002) (citation omitted).  Additionally, even if not attached or incorporated by reference, a document upon which the complaint "solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (emphasis and quotation marks omitted).  Here, Plaintiff attached copy of the Loan application to his Amended Complaint, (*see* Am. Coml. Ex. 1), and the Court therefore considers this document.  Plaintiff notably does not attach the note to his Amended Complaint.

B.  Analysis

1.  FDCPA Claims

Defendant argues that Plaintiff has failed to state a claim under the FDCPA because he does not allege Defendant is a "debt collector" or that there were any debt collection attempts made by Defendant or anyone else. (Def.'s Mem. 4–5.)

The purpose of the FDCPA is to eliminate abusive debt collection practices and establish "certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quotation marks omitted); *see also Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 487 (S.D.N.Y. 2014) (same). "Debt collectors that violate the FDCPA are strictly liable, meaning that a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (citation and quotation marks omitted). Moreover, a single violation is sufficient to subject a debt collector to liability under the statute. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 133 (2d Cir. 2010) (noting that "a single violation of the FDCPA is sufficient to impose liability").

"The FDCPA creates a general prohibition against the use of 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003) (quoting 15 U.S.C. § 1692e). "Section 1692e contains a non-exhaustive list of practices within the purview of this prohibition." *Id.* Plaintiff does not allege which FDCPA provision was violated and does not allege any action taken by the Defendant that fits squarely within the list of practices prohibited by the FDCPA. Construing Plaintiff's Amended Complaint liberally and interpreting it to raise the strongest arguments that it suggests, *see Sykes v. Bank of Am.*, 723 F.3d at 403, one possibly

9

relevant provision here is the prohibition of "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). "A plaintiff may state a claim for an FDCPA violation by alleging that a defendant made a representation that was false or deceptive or misleading." *Russo v. United Recovery Sys., LP*, No. 14-CV-851, 2014 WL 7140498, at *4 (E.D.N.Y. Dec. 12, 2014) (citation, quotation marks, emphases, and alteration omitted); *see also Sutton v. Fin. Recovery Servs., Inc.*, 121 F. Supp. 3d 309, 313 (E.D.N.Y. 2015) ("A collection letter will be considered deceptive when it could mislead a putative-debtor as to the nature and legal status of the underlying debt, or when it could impede a consumer's ability to respond to or dispute collection." (citation, quotation marks, and alteration omitted)); *cf. Russell v. Equifax A.R.S.*, 74 F.3d 30, 34–35 (2d Cir. 1996) (finding a violation of § 1692e(10) where a consumer could have read a collection letter to allow her either 30 days or 10 days to dispute her claim). Courts "apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a [communication] violates [§] 1692e." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *see also Easterling*, 692 F.3d at 233 ("Whether a collection letter is false, deceptive, or misleading under the FDCPA is determined from the perspective of the objective least sophisticated consumer." (citation and quotation marks omitted)). "Under this standard, 'collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Easterling*, 692 F.3d at 233 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

Also potentially relevant here is the prefatory clause of § 1692f, which bars the use of any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This "clause is followed by a list of specific 'examples of conduct' that constitutes a

violation of [§ 1692f]." *Sutton*, 121 F. Supp. 3d at 314 (quoting *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 236 n.2 (2d Cir. 1998) (alteration omitted)). Aside from this list of examples, "the FDCPA does not purport to define 'unfair or unconscionable.'" *Rojas v. Forster & Garbus LLP*, No. 13-CV-2825, 2014 WL 3810124, at *5 (E.D.N.Y. July 31, 2014). Indeed, "[c]ourts analyzing claims under [§] 1692f have acknowledged that the phrase . . . is as vague as they come." *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 531 (S.D.N.Y. 2013) (alteration and quotation marks omitted). Nonetheless, "viable claims . . . are generally defined by either (1) the unauthorized taking of money or property . . . , or (2) communicating with a consumer in a manner that will cause their *public* embarrassment or invasion of privacy." *Sutton*, 121 F. Supp. 3d at 315 (collecting cases). "On the other hand, courts have consistently held that relatively innocuous communications that *correctly* inform debtors of their potential liability and are not misleading, deceptive, or abusive of the debt collector's superior economic position do not violate [§] 1692f." *Id.* (citations, quotation marks, and alterations omitted).[5]

To prevail on a claim under the FDCPA, three requirements must be met:

(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements.

*Okyere*, 961 F. Supp. 2d at 529 (citation omitted). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect,

---

[5] The Court considers these provisions specifically because Plaintiff alleges Discover engaged in an "ongoing pattern of fraudulent collection activity" in violation of the FDCPA and directed "collection activity" at him, (Am. Compl. ¶¶ 20–21), and to the Court's knowledge, these are the only FDCPA provisions that come even close to touching upon Plaintiff's vague allegations.

11

directly or indirectly, debts owed or due or asserted to be owed or *due another*." 15 U.S.C. § 1692a(6) (emphasis added). "As a general matter, creditors are not subject to the FDCPA" because they are attempting to collect a debt owed to themselves. *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998); *Shetiwy v. Midland Credit Mgmt.*, 980 F. Supp. 2d 461, 471 (S.D.N.Y. 2013) (same).

Here, Plaintiff describes Discover as a creditor and not as a debt collector. (Am. Compl. ¶¶ 16–17 (describing Defendant as the "loan holder" and as a subsequent creditor, rather than as "the originating creditor").) Plaintiff in fact alleges that there was an assignment of the debt to Discover—and contests the validity of that assignment. (*Id.* ¶ 16.) Plaintiff does not allege that Discover attempted to collect its debts under a name "other than [its] own" indicating "that a third person is collecting or attempting to collect such debts," 15 U.S.C. § 1692a(6), and no other exception to the general exclusion of creditors from the FDCPA applies. Plaintiff thus fails to allege that "the defendant collecting the debt is considered a 'debt collector.'" *Okyere*, 961 F. Supp. 2d at 529; *see also Shetiwy*, 980 F. Supp. 2d at 471 (dismissing FDCPA claims against creditor defendants because they were not debt collectors for purposes of the FDCPA); *Allen v. Wachovia Dealer Fee*, No. 07-CV-6315, 2009 WL 2156972, *2–3 (W.D.N.Y. July 15, 2009) (dismissing FDCPA claim because the bank "[was] not a debt collector as defined by the FDCPA [and the] [p]laintiff [did] not allege that [the bank] was attempting to collect on a debt other than its own debt," even where the bank withdrew funds from the plaintiff's bank account to collect its own debt); *Williams v. Citibank, N.A.*, 565 F. Supp. 2d 523, 529–32 (S.D.N.Y. 2008) (dismissing FDCPA claims against creditor bank defendants because the plaintiff failed to allege that they were debt collectors for purposes of the FDCPA).

Moreover, Plaintiff fails to allege any debt collection attempt that could conceivably be in violation of the FDCPA. Plaintiff does not, for example, allege he received calls, notices, or letters from Discover, or that Discover (or anyone else) conducted any other type of collection attempt. Plaintiff attaches copies of the Loan application to his Amended Complaint, (*see* Am. Coml. Ex. 1), but he does not allege, and does not attach any document showing, that Discover or any other entity took any action, let alone any improper action, to collect on the Loan. Plaintiff does not allege that there was any "unauthorized taking of money or property" or any "communicating with [him] in a manner that [could] cause [his] public embarrassment or invasion of privacy." *Sutton*, 121 F. Supp. 3d at 315.[6] Plaintiff's naked assertions that Discover engaged in an "ongoing pattern of fraudulent collection activity" in violation of the FDCPA and directed "collection activity" at him, (Am. Compl. ¶¶ 20–21), devoid of further factual enhancement, do not suffice to state a claim. Plaintiff thus fails to allege that "the defendant has engaged in any act or omission in violation of FDCPA requirements." *Okyere*, 961 F. Supp. 2d at 529, 535 (holding that debt collection agency's action of restraining debtor's bank account and directing city marshal to hold funds was an unauthorized debt-collection action under the FDCPA); *see also Rutty v. Krimko*, No. 17-CV-6090, 2018 WL 5045761, at *2 (E.D.N.Y. Oct. 17, 2018) (dismissing FDCPA claim where plaintiff alleged without further factual enhancement that defendant collection agency filed and maintained a foreclosure action against him because that did not constitute an attempt at collecting a debt); *Jennings v. Continental Service Group, Inc.*, 239 F. Supp. 3d 662, 667–68 (W.D.N.Y. 2017) (dismissing FDCPA claim where plaintiff

---

[6] Plaintiff alleges that Discover advised him that the "debt was no longer in Discover's Portfolio" and "raised the rate," (Am. Compl. ¶ 13), and argues that the Loan transfer was ineffective, (*id.* ¶¶ 14, 28–29). Plaintiff does not, however, allege that this Loan transfer had anything to do at all with any debt-collection efforts.

13

failed to allege calls received from debt collection agency were related to the debt accrued or that they were debt-collection attempts). Although "the FDCPA protects consumers from abusive debt collection practices, it applies only in instances where a debt collector attempts to collect a 'debt' within the meaning of the Act." *Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 102 (2d Cir. 2016) (citations omitted).

Accordingly, viewing the Amended Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a plausible claim for relief under the FDCPA. Plaintiff's FDCPA claim is therefore dismissed.

### 2. State Law Claim

The Court has dismissed the one federal claim asserted by Plaintiff, leaving only the New York State Banking Law claim. Pursuant to 28 U.S.C. § 1367(c), the Court may decline to exercise pendent jurisdiction over this claim. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."); *Sadallah v. City of Utica*, 383 F.3d 34, 39–40 (2d Cir. 2004) (directing district court to enter judgment for defendants on federal law claims and to "dismiss any state law claims without prejudice" (citing *Gibbs*, 383 U.S. at 726)). Accordingly, Plaintiff's state law claim is hereby dismissed.

### III. Conclusion

In light of the foregoing analysis, the Court grants Defendant's Motion To Dismiss. The claims that are dismissed are dismissed without prejudice. Although Plaintiff has filed an Amended Complaint in this Action, this is the first adjudication on Defendant's Motion To Dismiss. *See Rennalls v. Alfredo*, No. 12-CV-5300, 2015 WL 5730332, at *5 n.6 (S.D.N.Y. Sept. 30, 2015) ("[T]he Court will afford Plaintiff an opportunity to amend if, after reviewing

this Order and Opinion [and] the law therein, . . . he still believes that he can plausibly state claims against Defendants."). Plaintiff may file a Second Amended Complaint within thirty days of this Opinion and Order.[7] The Clerk of Court is respectfully requested to terminate the pending Motion, (Dkt. No. 23), and mail a copy of this Opinion and Order to Plaintiff.

SO ORDERED.

DATED:   March 25, 2019
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

---

[7] Should Plaintiff successfully replead to state a claim under the FDCPA, the Court will reconsider its determination regarding pendent jurisdiction.

15