UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT RIMBERG,

                              Plaintiff,

                v.

DISCOVER BANK,

                              Defendant.

No. 17-CV-10209 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, District Judge:

On March 25, 2019, the Court issued an Opinion & Order dismissing Plaintiff's claims without prejudice and giving him 30 days to file a second amended complaint. (Opinion & Order (Dkt. No. 27).) Plaintiff never filed a second amended complaint. On March 11, 2020, the Court issued an Order To Show Cause as to why the Action should not be dismissed for failure to prosecute. (*See* Order To Show Cause (Dkt. No. 28).) The Order To Show Cause was mailed to Plaintiff, too, but Plaintiff once again failed to file an amended pleading. (*See* Dkt. (entry for Mar. 11, 2020).)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *Id.* (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the [c]ourt gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209).  No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff filed the original Complaint in state court on November 29, 2017.  (*See* Not. of Removal Ex. A ("Compl.") (Dkt. No. 1-1).)  The Action was removed to this Court on December 29, 2017. (*See* Not. of Removal (Dkt. No. 1).)  Plaintiff filed an Amended Complaint on May 21, 2018, over two years ago.  (*See* Am. Compl. (Dkt. No. 20).)  That was Plaintiff's last substantive

communication with the Court.  Plaintiff never responded to the Motion To Dismiss, and has

failed to amend his pleading in the face of the Court's dismissal, which occurred over a year ago.

(*See generally* Dkt.)

Accordingly, this Action is dismissed without prejudice for failure to prosecute.  *See*

*Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017)

(noting that "a pro se plaintiff is not exempt from complying with court orders and must

diligently prosecute his case"); *Salem v. City of New York*, No. 16-CV-7562, 2017 WL 6021646,

at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case falls

comfortably within the time frames found sufficient in successful Rule 41(b) motions to

dismiss." (internal quotation marks omitted)); *Robinson v. United States*, No. 03-CV-1001, 2005

WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying

the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it

impossible to provide him any notice.")

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and close this case.

SO ORDERED.

DATED:       June 15, 2020
             White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE